UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SUBPOENA DUCES TECUM IN A CIVIL ACTION Issued by <br><br> INTEPLAST GROUP, LTD. and AmTOPP CORP., To <br><br> MANULI STRETCH USA, INC. | NO. 3:12-mc-0078 <br><br> NO. 2:12-2107 (in the United States District Court for the Western District of Tennessee) |

## MEMORANDUM AND ORDER

Nonparty Manuli Stretch USA, Inc. ("Manuli") has filed its motion to quash a subpoena issued to it by defendants Inteplast Group, LTD ("Inteplast") and AmTopp Corp. ("AmTopp") (collectively "defendants") in an underlying patent infringement action pending in the United States District Court for the Western District of Tennessee. This underlying action is entitled Multilayer Stretch Cling Film Holdings, Inc. v. Inteplast Group, Ltd. et al., No. 2:12-cv-02107 (W.D. Tenn.).[1] Inteplast and AmTopp have filed a response in opposition (Docket Entry No. 4).

This motion has been referred to the undersigned Magistrate Judge for decision (Docket Entry No. 6).

---

[1] According to defendants' memorandum in opposition and the declaration of John G. Jackson (Docket Entry Nos. 4 and 5), these parties and their respective law firms have engaged in other related patent litigation, apparently involving at least some of the same records, in the U.S. District Court for the Eastern District of Tennessee: Manuli Stretch USA, Inc. v. Pinnacle Films, Inc., Civil Action No. 4:06-CV-0078, and Inteplast Group, Ltd., et al. v. Chambliss, Bahner & Stophel, P.C. and Manuli Stretch USA, Inc., Civil Action No. 1:12-MC-3.

Nonparty Manuli seeks an order quashing the subject subpoena on several grounds. First, Manuli maintains that the subpoena was not properly served pursuant to Rule 45. Second, Manuli maintains that the subpoena seeks commercially sensitive and confidential business information and no protective order is currently in place to protect Manuli if such information were produced. Third, Manuli argues that the requests contained in the subpoena are overly broad and burdensome, the information sought is irrelevant, and that many of the documents requested are already in the possession of Inteplast. The undersigned will address each argument in the order presented in Manuli's memorandum (Docket Entry No. 2).

<u>Sufficiency of service</u>. According to Manuli's memorandum, defendants sent counsel for Manuli a copy of the subpoena by Federal Express on October 5, 2012. Manuli's memorandum also states that "counsel for Manuli is listed as Manuli's registered agent. . . ." (Docket Entry No. 2 at 3). Citing Rule 45(b)(1), Manuli argues that service by Federal Express is not sufficient, and that personal service of a Rule 45 subpoena, apparently as provided in Rule 4, is required.

In response, defendants state that Rule 45(b) does not require personal service of a subpoena as contemplated by Rule 4 but rather requires "delivering" a copy of the subpoena to the named person or entity. Apparently, there is a split of authority

among courts on whether the language of Rule 45 requires personal service. Some courts hold that personal service is required, but other courts hold that service by mail may be appropriate. See Halawani v. Wolfenbarger, 2008 WL 5188813 at *3 (E.D. Mich. Dec. 10, 2008) (citing cases). A sister district court has found that the Sixth Circuit has not yet addressed this issue, and, therefore, there is no binding precedent in this circuit (Id. at *4). The United States District Court for the Eastern District of Michigan, relying upon reasoning in the decision of Doe v. Hersemann, 155 F.R.D. 630 (N.D. Ind. 1994), found that hand delivery of a Rule 45 subpoena is not required, and that certified mail may be sufficient to assure proper delivery. (Id.) In the absence of contrary authority from the Sixth Circuit Court of Appeals, the undersigned Magistrate Judge is persuaded by the reasoning of a sister district court, and finds that service of the subject Rule 45 subpoena by Federal Express upon counsel for Manuli and Manuli's registered agent for service of process constitutes sufficient service.

Adequacy of protection for commercially sensitive and confidential business information. Manuli argues that the documents sought by the subject subpoena contain commercially sensitive and confidential information that, if disclosed, could cause significant harm to Manuli's business or its competitive position. Manuli insists that until a suitable protective order is in place, it should not be required to produce the subject

3

confidential and commercially sensitive information.

Rule 45(b)(3)(A)(iii) provides that the issuing court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." In their response, defendants Inteplast and AmTopp argue that this Court should address Manuli's confidentiality concerns by ordering that production of documents pursuant to the subject subpoena be made subject to the provisions of the form patent protective order contained in the local patent rules for the U.S. District Court for the Western District of Tennessee (Docket Entry No. 5-8). Manuli argues that the form patent protective order does not insure the rights of nonparties like Manuli (Docket Entry No. 2 at 4).

Although it may be true that, without more, a patent protective order in the form of Docket Entry No. 5-8 would not extend protection to documents produced by nonparties, Manuli has offered no authority that would suggest that this Court lacks the authority to impose the requirements of this protective order upon any disclosure of documents pursuant to the subject Rule 45 subpoena issued by this Court. Moreover, the undersigned Magistrate Judge is not aware of any such limiting authority. Therefore, the undersigned finds that the protections for confidential information included in the form patent protective order included in this record as Docket Entry No. 5-8, if applied

4

to the subject subpoena, would afford reasonable protections to confidential business information and other commercially sensitive materials to be produced pursuant to this subpoena.

<u>Undue breadth and burden</u>.  Manuli also argues that the subpoena served by defendants is unduly broad and burdensome.  Here, Manuli makes in essence three arguments: (1) that collecting the responsive documents "would take a single employee months and would substantially interfere with Manuli's business" (Docket Entry No. 2 at 6); (2) that the information sought is irrelevant; and (3) that much of the information sought by the subpoena "is likely within the possession of defendants." (<u>Id.</u> at 7).  Although these three arguments appear in Manuli's memorandum in support of its motion to quash, there is in this record no factual evidence to support these conclusory statements.  For example, this record is devoid of any proof that collection of the sought after documents would require a Manuli employee to expend months of work.  Similarly, beyond the bare-bones argument in Manuli's memorandum, there is no evidence in this record to support a claim that many of the documents sought by this subpoena are "likely within the possession of defendants."  In the absence of any evidence to support these factual assertions, the undersigned Magistrate Judge has no evidentiary basis to find that they have merit.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that Manuli's motion to quash

the subject subpoena served by Inteplast and AmTopp must be DENIED.

Manuli is ORDERED to produce documents in response to the subject subpoena on or before **Monday, November 19, 2012**. This production shall be subject to and governed by the provisions of the form patent protective order appearing at Docket Entry No. 5-8 in this record.

The defendants have filed their motion to ascertain case status and to expedite disposition (Docket Entry No. 7). The motion is GRANTED. The status of this matter is reflected in this memorandum and order.

It is so **ORDERED**.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge