IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SUBPOENA DUCES TECUM IN A CIVIL ACTION | ) ) ) ) | |
| Issued by | ) ) | No. 3:12-mc-0078 Chief Judge Haynes |
| INTEPLAST GROUP, LTD. and AMTOPP CORP., | ) ) ) ) | |
| To | ) ) ) | Civil Action No. 2:12-2107 (In the United States District Court for the Western District of Tennessee) |
| MANULI STRETCH USA, INC | ) ) | |

MEMORANDUM

Before the Court is Manuli Stretch USA, Inc.'s ("Manuli") motion for review of the Order of the Honorable John S. Bryant Magistrate Judge denying its motion to quash the subpoena issued by Inteplast Group, LTD. ("Inteplast") (Docket Entry No. 9). In sum, the Magistrate Judge denied Manuli's motion to quash and ordered Manuli produce documents in response to Inteplast's subpoena subject to a protective order. Manuli asserts in sum: (1) under the law of this district, a subpoena must be personally served on a nonparty; (2) the documents sought by Inteplast contain commercially sensitive business information that lacks adequate protective measures; and (3) Inteplast's subpoena is unduly burdensome and broad.

In response, Intelplast Group, Ltd. and AmTopp Corporation contend the protective measures cited by the Magistrate Judge sufficiently protect Manuli's sensitive material, and that the Magistrate Judge's conclusions were well-founded under the law.

**A. Statement of Facts**

1

In the underlying civil action, <u>Multilayer Stretch Cling Film Holdings, Inc. v. Inteplast Group, Ltd., et al.</u>, No. 2:12-cv-02107, that is pending in the Western District of Tennessee, Manuli Stretch USA, Inc. is not a party to that patent infringement action. Manuli was the owner of record of United States Patent No. 6,265,055 ("the 055 Patent") that is at issue in the underlying action. The Plaintiff in the underlying action, Multilayer, is the current owner of record of the 055 patent.

On October 5, 2012, Inteplast sent counsel for Manuli a copy of the subpoena by Federal Express. After being issued a subpoena by Inteplast, Manuli filed a motion to quash the subpoena. (Docket Entry No. 1). The motion was referred to Magistrate Judge Bryant. (Docket Entry No. 6).

After review, the Magistrate Judge denied the motion and ordered Manuli produce documents responsive to Inteplast's subpoena on or before Monday, November 19, 2012, subject to the form patent protective order. <u>See</u> Docket Entry No. 5-8.

### B. Conclusions of Law

The Magistrate Judge's Order denying the motion to quash is a nondispositive pretrial order and its review is governed by 28 U.S.C. § 636(b)(1)(A), under which: "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Rule 72(a) of the Federal Rules of Civil Procedure similarly provides, in pertinent part, that:

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be **clearly erroneous or contrary to law**.

(emphasis added); <u>see</u> <u>Massey v. City of Fernadale</u>, 7 F.3d 506, 509 (6th Cir. 1993) ("When a

magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). In sum, the Magistrate Judge's Order "remains binding except to the extent that the district court modifies or sets aside any part of the order that is clearly erroneous or contrary to law." Bell v. Ameritech Sickness and Accident Disability Benefit Plan, 399 Fed. Appx. 991, 997 n. 5 (6th Cir. 2010).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 398 (1948); Hagaman v. Comm'r of Internal Revenue, 958 F.2d 684, 690 (6th Cir.1992)). Under the clearly erroneous standard, the issue is not whether the Magistrate Judge's Order is the best or only conclusion from the evidence. See Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). The Court cannot substitute its conclusion for the Magistrate Judge's conclusion. Id. The reviewing court order determines if evidence exists to support the Magistrate Judge's finding and if that finding is reasonable. Id.

Manuli next contends that compliance with the subpoena is impossible because: (1) the responsive documents would take a single employee months to collect and would substantially interfere with Manuli's business; (2) the information sought is irrelevant; and (3) much of the information sought is likely within Inteplast's possession. On this contention, Judge Bryant concluded that Manuli did not offer any evidentiary basis for these assertions.

As to Inteplast's subpoena, Rule 45 of the Federal Rules of Civil Procedure authorizes the Court to quash or modify a subpoena that: (1) does not allow reasonable time to comply; (2) requires a nonparty to travel more than 100 miles from his or her residence; (3) requires disclosure of a

privileged or protected matter; or (4) subjects a person to an undue burden. Fed. R. Civ. P. 45(3)(c)(a). The Court **may** also quash subpoenas where: (1) the subpoena would require disclosure of a trade secret or confidential research; (2) the subpoena would require disclosure of an unretained expert's opinion; or (3) a nonparty would be required to travel more than 100 miles and incur substantial expense to attend trial. Fed. R. Civ. P. 45(c)(3)(B).

Manuli asserts that service of Inteplast's subpoena on Manuli, a nonparty, by Federal Express is insufficient under Rule 45 that requires personal service as provided in Rule 4 of the Federal Rules of Civil Procedure. Manuli contends that the law of the district on this issue is Magistrate Judge Griffin's decision in Hood v. Fiberweb, Inc., No. 3-10-0355, 2010 WL 4102219 (M.D. Tenn. Oct. 18, 2010). In a footnote in Hood, Judge Griffin cited McClendon v. TelOhio Credit Union, Inc., No. 2:05-cv-1160, 2006 WL 2380601 (S.D. Ohio Aug, 14, 2006) and noted "in passing" that under McClendon Rule 45(d)(1) does not permit service of a subpoena by certified mail, which is how the subpoenas were served in the instant case, but rather it requires personal service." Hood, 2010 WL 4102219, at *2 n.1 (citing McClendon, 2006 WL 2380601, at *2).

First, Manuli's insistence upon Hood as the law of this district is erroneous as a matter of law. As stated in an oft-cited decision, United States v. Articles of Drug Consisting of 203 Paper Bags, 818 F.2d 569, 572 (7th Cir. 1987): "A single district court decision, however (especially one that cannot be appealed), has little precedential effect. It is not binding on the circuit, or even on other district judges in the same district."

Second, Hood is distinguishable in that the defendant there served nonparty subpoenas prior to notice to opposing counsel of their issuance. Here, as Magistrate Judge Griffin observed, "It appears, however, that the **defendant served, i.e., mailed a copy of the subpoena, to plaintiff's**

4

counsel, at least simultaneously with the service of the subpoenas." Id. at *1 (emphasis added).

Third, the Sixth Circuit has yet to rule that personal service is required under Rule 45(b), and a split of authority exists among the lower courts. Given the split of authority on whether personal service on a nonparty is required under Fed. R. Civ. P. 45, and the Sixth Circuit's silence on the issue, the Court concludes Judge Bryant's Order is not contrary to relevant law. Although Manuli now presents proof, the nature of review requires consideration of the record before Judge Bryant. Otherwise, the review is de novo, contrary to Federal Rule of Civil Procedure 72(a).

Manuli next contends that the documents sought by Inteplast's subpoena contain commercially sensitive and confidential information that, if disclosed, could cause significant harm to Manuli's business or its competitive position. (Docket Entry No. 8 at 3). Under Rule 45(b)(3)(A)(iii), the Court can quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Inteplast responds, then Judge Bryant addressed Manuli's confidentiality concerns by ordering that production of documents covered by the subpoena subject to the provisions of the form patent protective order for patent actions in the Local Rules of the Western District of Tennessee for patent actions. (Docket Entry No. 5).

Judge Bryant's Order extended the scope of the Western District's patent protective order to Manlui (Docket Entry No. 5-8). Manuli contends this extension insufficiently protects Manuli's commercially sensitive information, but Manuli did not present any factual support for this contention. Thus, the Court concludes that Judge Bryant's Order is not clearly erroneous.

Finally, Inteplast requests sanctions for Manuli's failure to comply with Judge Bryant's Order setting a deadline for Manuli's production.

As to sanctions, Local Rule 72.02(3) provides, "[t]here shall be no stay of an Order entered

by a Magistrate Judge absent a stay granted by the Magistrate Judge or the District Judge." In Re Chevron Corp., 2010 WL 8767266 (M.D. Tenn. August 17, 2010). In an e-mail dated November 16, 2012, Manuli USA Inc.'s counsel stated, "Manuli will not be producing any documents until an Order is entered resolving that motion [for review]." (Docket Entry No. 15-5). Manuli USA did not seek a stay of Judge Bryant's Order. Therefore, Manuli USA should appear before the Magistrate Judge to show cause why it should not be held in contempt for noncompliance with Judge Bryant's Order.

### C. Conclusion

For these reasons, the Court concludes that Manuli's motion for review of the memorandum and order deciding the motion to quash the subpoena issued to nonparty Manuli Stretch USA, Inc., (Docket Entry No. 9) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this ___ day of December, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court.